### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TED MCCRACKEN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 07-CV-2018 |
| | : | |
| FORD MOTOR CO. et al., | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM

Plaintiff Ted McCracken, proceding *pro se,* filed suit against Defendant Ford Motor Company ("Ford") for state law claims, alleging that he was injured by a defective design in Ford automobiles.  He asserted jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. Because McCracken failed to allege the essential elements of diversity of citizenship in the complaint, this action is dismissed for lack of jurisdiction.

Federal courts "are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction."  Carlsberg Resources Corp. v. Cambria Sav. And Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977).  Even if  neither party to the litigation has raised the  issue of jurisdiction, a federal court has an obligation to address the question of whether jurisdiction exists *sua sponte.*  See id. ("When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits."); Thomas v. Board of Trustees, 195 U.S. 207, 211 (1904).

1

McCracken asserts that this court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C.A. § 1332(a)(1).[1]  28 U.S.C. § 1332(a)(1) provides that the district courts shall have original jurisdiction where the amount in controversy exceeds a value $75,000 and the matter is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship is required for this court to exercise jurisdiction under § 1332(a)(1), which means that "no plaintiff can be a citizen of the same state as any of the defendants."  Midlantic Nat. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995).

For the purposes of determining citizenship under section 1332, corporations are "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A natural person is deemed to be a citizen of the state where he or she is domiciled.  Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).  Domicile is established "by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."  Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  Allegations of state residence do not satisfy the jurisdictional requirement.  Robertson v. Cease, 97 U.S. 646, (1878) ("Citizenship and residence, as often declared by this court, are not synonymous terms.").

Diversity jurisdiction cannot be exercised, "unless there has been a *definitive* determination that diversity of citizenship is present."  Carlsberg Resources Corp., 554 F.2d at 1257 (emphasis added).  See also Thomas v. Board of Trustees, 195 U.S. 207, 211 (1904) ("[T]he absence of sufficient averments or of facts in the record showing such required diversity

_____

[1] A *pro se* plaintiff is "entitled to liberal construction of his pleading."  John v. New York, No. 08-3419, 2009 WL 524726, at *1 (3d Cir. Mar. 3, 2009).

of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."); Masnsfield, C & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884) ("[T]he jurisdiction of the circuit court fails, unless the necessary citizenship affirmatively appears in the pleadings or elsewhere in the record."). Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint is filed.  Id. See also Dole Food Co. v. Patrickson, 538 U.S. 468, 478 (2003) (holding that federal diversity jurisdiction "depends on the citizenship of the parties at the time suit is filed.").  The burden is on the plaintiff to affirmatively allege the essential elements of diversity jurisdiction.  See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188-89 (1936).

McCracken alleges that the Ford is incorporated in Delaware and headquartered in Michigan.  Thus, Ford is considered a citizen of both Delaware and Michigan.  The plaintiff alleges that he is a citizen of the United States, but does not make any allegation as to his state citizenship.  He alleges that he has resided principally in Pennsylvania, New York and Delaware over the past ten years.  These allegations do not establish McCracken's state citizenship.

Since the plaintiff has failed to allege the citizenship of one of the parties to this action, he has not affirmatively alleged the essential elements of diversity jurisdiction.  Accordingly, the court is deprived of jurisdiction and this action is dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

O:\ABB 2009\L - Z\Mccracken v Ford Motion to Dismiss for Lack of Jurisdiction3wpd.wpd